**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4548

DONALD LEE FEREBE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Walter E. Black, Jr., Senior District Judge.
(CR-96-401)

Submitted: July 27, 1999

Decided: September 23, 1999

Before ERVIN,* WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roland Walker, WALKER, VAN BAVEL, AMARAL & MEAD,
P.A., Baltimore, Maryland; Kreg Paul Greer, LAW OFFICES OF
KREG PAUL GREER, Bel Air, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, James G. Warwick, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

*Judge Ervin participated in this case but died prior to the time the
decision was filed. The decision is filed by a quorum of the panel pursu-
ant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury found Donald Lee Ferebe guilty of committing a violent crime in the furtherance of racketeering activity, 18 U.S.C.A. § 1959(a)(1) (West Supp. 1999), and use of a firearm in the commission of a violent crime. On appeal, Ferebe alleges there was insufficient evidence to support his conviction under § 1959(a)(1). For the reasons that follow, we affirm.

This court reviews challenges to the sufficiency of the evidence by viewing the evidence at trial in the light most favorable to the prosecution, including all reasonable inferences that can be drawn from the evidence. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Russell, 971 F.2d 1098, 1109 (4th Cir. 1992). If substantial evidence exists to support the conviction, the verdict must be sustained. See Glasser, 315 U.S. at 80. Additionally, this court does not assess witness credibility on appeal. See Russell, 971 F.2d at 1109.

Ferebe alleges there was insufficient evidence to show he murdered the victim to maintain or increase his position in the racketeering enterprise, one of five elements** needed to support a § 1959 conviction. Rather, he argues, that his acts toward the victim were "purely impulsive."*** We disagree. Viewing the evidence as we must, the

_____

**The elements of a § 1959 conviction are: (1) that the organization was a Racketeer Influenced and Corrupt Organization (RICO) enterprise, (2) that the enterprise was engaged in racketeering activity as defined in RICO, (3) that the defendant in question had a position in the enterprise, (4) that the defendant committed the alleged crime of violence, and (5) that his general purpose in so doing was to maintain or increase his position in the enterprise. See United States v. Fiel, 35 F.3d 997, 1003 (4th Cir. 1994).
***Appellant's Br. at 12.

2

record reveals that Ferebe headed a drug organization which stored drugs and distributed drugs to street level dealers out of a residence located at 701 North Rose Street in Baltimore, Maryland. The day of the murder, a "lieutenant" in the organization, Benjamin Paige, and Ferebe fronted Richard "Skip" Thomas, Jr., some drugs.

Later that night, Thomas was chased into 701 North Rose by another drug dealer, Eric "Erke" Cunion. Cunion stated that Thomas owed him money for drugs and that if he was not paid he would "take it out on the house."**** After Ferebe confirmed that Thomas also owed Cunion money, Thomas was chased outside where Ferebe fatally shot him. Based on this evidence, the jury could properly find that Ferebe murdered Thomas to protect his drug enterprise against the threats brought on by Thomas' conduct, and thus,"maintain his position" as leader of the drug organization. See United States v. Tipton, 90 F.3d 861, 891 (4th Cir. 1996). Enhancing or retaining his position in the organization need not be Ferebe's only or primary motive for the murder, as long as the jury could properly infer that the defendant committed his violent act in furtherance of that membership. See id.; see also United States v. Concepcion, 983 F.2d 369, 381 (2d Cir. 1992).

Accordingly, we find Ferebe's issue on appeal unavailing, and affirm his § 1959(a)(1) conviction. We dispense with oral argument because the facts and legal contentions are adequately presented before the court and argument would not aid the decisional process.

AFFIRMED

---

****J.A. at 49.

3